1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

THOMAS OATES,

      Plaintiff,

    v.

RONALD OLIVER, *et al.*,

      Defendants.

Case No. 2:25-cv-01365-RFB-DJA

**ORDER**

      Plaintiff Thomas Oates brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 1-1). On August 4, 2025, this Court ordered Oates to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* by October 3, 2025. (ECF No. 3). That deadline expired without payment of the filing fee, a complete *in forma pauperis* application, or other response from Oates. And according to the NDOC inmate database, Oates is no longer in custody, but he has not filed his updated address with the Court as required by Local Rule IA 3-1. See ECF No. 2 at 2.

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal

1   Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

2   determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

3   public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

4   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

5   their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine

6   Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

7        The first two factors, the public's interest in expeditiously resolving this litigation and the

8   Court's interest in managing its docket, weigh in favor of dismissal of Oates's claims. The third

9   factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

10   injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court

11   or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

12   factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by

13   the factors favoring dismissal.

14        The fifth factor requires the Court to consider whether less drastic alternatives can be used

15   to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish

16   v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

17   alternatives before the party has disobeyed a court order does not satisfy this factor); accord

18   Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every

19   sanction short of dismissal before finally dismissing a case, but must explore possible and

20   meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because

21   this Court cannot operate without collecting reasonable fees, and litigation cannot progress without

22   Oates's compliance with the Court's orders, the only alternative is to enter a second order setting

23   another deadline. But repeating an ignored order often only delays the inevitable and further

24   squanders the Court's finite resources. The circumstances here do not indicate that this case will

25   be an exception. And without an updated address, the likelihood that the order would even reach

26   Oates is low. Setting another deadline is not a meaningful alternative given these circumstances.

27   So the fifth factor favors dismissal.

28   ///

1    Having thoroughly considered these dismissal factors, the Court finds that they weigh in

2    favor of dismissal. **IT IS THEREFORE ORDERED** that this action is **DISMISSED without**

3    **prejudice** based on Thomas Oates's failure to address the matter of the filing fee in compliance

4    with this Court's order. The Clerk of Court is directed to close this case. No other documents may

5    be filed in this now-closed case. If Oates wishes to pursue his claims, he must file a complaint in

6    a new case and either pay the full filing fee or complete an *in forma pauperis* application.

7    **IT IS FURTHER ORDERED** that Oates may move to reopen this by filing a motion for

8    reconsideration within 28 days of the entry of this Order. In this motion, Oates would need to

9    explain the circumstances that led to his not being able to address the filing fee as directed by the

10    Court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court

11    will reopen the case.

12    **DATED:** November 14, 2025.

13

14    _____

15    **RICHARD F. BOULWARE, II**
     **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28